| Minute Order Form (06/97) | | | | | |
|---|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | | |
| **Name of Assigned Judge or Magistrate Judge** | Charles P. Kocoras | **Sitting Judge if Other than Assigned Judge** | | | |
| **CASE NUMBER** | 02 C 8989 | **DATE** | 3/25/2003 | | |
| **CASE TITLE** | US vs. Casey J. Tolar (99 CR 940-1) | | | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the petition for writ of habeas corpus.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | MAR 26 2003 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| SCT | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 2 6 2003

| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 02 C 8989 |
| | ) |
| CASEY J. TOLAR, | ) |
| | ) |
| Defendant. | ) |

MAR 2 6 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Petitioner Casey J. Tolar's ("Tolar") petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2255. For the reasons set forth below we deny the petition.

### BACKGROUND

In November 1999, Tolar transported illegal drugs from Texas to Illinois in propane tanks. The police had received a tip that the propane tanks contained drugs and were conducting a surveillance of Tolar's trucking business in Harvey, Illinois when Tolar arrived back in Illinois from Texas. The police saw Tolar unloading propane tanks from a tractor-trailer and entered the premises. Tolar signed a consent form allowing the police to search the tractor-trailer for drugs. Tolar claims in his

petition that he signed a blank consent form because the police told him they were going to search the truck even if Tolar did not sign the form. The police found cocaine and marijuana in the propane tanks that were being unloaded from the tractor-trailer. The police also discovered a revolver in the sleeping compartment of Tolar's trailer. Tolar was arrested and later convicted by a jury in federal court of possession with intent to distribute cocaine and marijuana. Following the conviction Tolar was sentenced to life in prison. He appealed the conviction and it was affirmed on October 9, 2001. On February 25, 2002, the Supreme Court of the United States denied his petition for writ of certiorari.

## LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited to where a conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). If the Court finds that any of the above errors occurred, then the prisoner's conviction will be "vacated or set aside, and the petitioner will be discharged, resentenced, or granted a new trial." *Dikeocha v. United States*, 2002 WL 31006136, *1 (N.D. Ill. 2002). When reviewing a § 2255 motion the district court must review the record and draw all reasonable inferences in favor of the government. *Carnine v. United States*, 974 F.2d 924, 928

(7th Cir. 1992); *United States v. Boyd*, 2002 WL 1949724, *1 (N.D. Ill. 2002). Before addressing the merits of a § 2255 petition the court must determine whether the claims are barred procedurally. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). We note that Tolar has filed his petition *pro se* and thus his petition is entitled to a liberal reading. *Blake v. United States* 841 F.2d 203, 205 (7th Cir. 1988).

## DISCUSSION

### I. Procedurally Barred Claims

A § 2255 habeas petition is not a "substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177-78 (7th Cir. 1996) (quoting *Bedford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Thus, if a defendant fails to raise an issue on direct appeal he is barred from raising it in a § 2255 habeas petition absent a showing: 1) of good cause for failing to assert the claim on direct appeal and "actual prejudice from the failure to raise [the claim]," or 2) that the "court's refusal to consider the claims would lead to a fundamental miscarriage of justice." *Id.*

Tolar claims that he received ineffective assistance of counsel at trial because his counsel failed to move for a dismissal based on violations of the Speedy Trial Act. 18 U.S.C. § 3161 *et seq.* However, in his direct appeal Tolar did not argue ineffective assistance of counsel and he has not shown that he suffered actual prejudice because of the failure to raise those claims. Tolar also claims that the informant's tip did not

provide the government with probable cause, and that he was improperly detained while the police searched the tractor-trailer. However, Tolar did not present those arguments in his direct appeal to the Seventh Circuit and he has not shown good cause for failing to assert the claims or that actual prejudice resulted from the failure. Tolar also claims that the police should not have searched the propane tanks because the consent form did not mention the trailer or the propane tanks, and he claims that he could not consent to a search of the propane tanks because he did not own them. Tolar argued at trial and on appeal that he did not consent to a search at all, but he did not raise these specific consent issues at trial or on direct appeal and offers no explanation for the failure to do so. Neither does he show that a prejudice resulted from that failure to raise those issues. No fundamental miscarriage of justice will occur if we decline to consider Tolar's arguments that were not presented in his direct appeal. Therefore, we find that all the arguments included in the petition except for the ineffective assistance of counsel on appeal are procedurally barred.

## II. Ineffective Assistance of Counsel on Appeal

A criminal defendant has a right to counsel "through his first appeal of right." *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000) (citing *Evitts v. Lucey*, 469 U.S. 387, 396 (1985)). However, because assistance of counsel is presumed effective, a party bears a "heavy burden" in establishing ineffective assistance of

-4-

counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the petitioner's defense that the trial was unfair and the result was thus unreliable. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). In assessing counsel's performance, we "evaluate the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (quoting *Strickland*, 466 U.S. at 689)). If the record supports a finding of substandard performance, we then determine whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1210 (7th Cir. 1994) (quoting *Strickland*, 466 U.S. at 695).

Under a liberal reading of Tolar's petition, Tolar claims he received ineffective assistance of counsel on appeal because his appellate counsel failed to argue ineffective assistance of counsel at trial. He claims that there was ineffective assistance of counsel at trial because his trial counsel failed to raise the above mentioned arguments that are now procedurally barred. Therefore, although the arguments are procedurally barred,

we shall need to delve into the substance of the arguments to assess Tolar's claim of ineffective assistance of counsel on appeal.

A. <u>Consent to Search</u>

Tolar presents several arguments regarding consent for a search that were not presented in his direct appeal. Tolar claims that he signed a blank consent form after the search began and that he signed the form after the police told him that the search would occur regardless of whether he signed the form. Tolar's version of events was not accepted by us at trial, at the suppression hearing, or by the appellate court on appeal and Tolar has not given us sufficient reason to now find otherwise. Tolar also argues that the written consent form concerned the truck and did not authorize a search of the trailer or the propane tanks. However, according to officers on the scene, Tolar twice orally gave consent for a search of the trailer. Also, the written consent form signed by Tolar authorized a search of the truck and "any part, compartment, or trunk of the vehicle and the contents of any object or container found therein." Finally, Tolar claims that he did not own the propane tanks and thus he could not consent to a search of the tanks. Even if we accepted the premise that he did not own the tanks, Tolar could not suppress the drugs found in the propane tanks because his Fourth Amendment rights would not be at issue if he did not own the tanks and have a personal privacy interest at stake. *See United States v. Padilla*, 508 U.S. 77, 81 (1993)

(stating that a defendant can only suppress evidence if he shows that his Fourth Amendment rights were violated by the search or seizure; not the Fourth Amendment rights of other parties).

B. Probable Cause to Search Trailer and Illegal Detention

Tolar claims that the police did not have probable cause to search the trailer based on the informant's tip. We are not convinced by Tolar's uncorroborated testimony that the police coerced him to sign a blank consent form. Thus, the search was proper because the police obtained written consent from Tolar before beginning the search of the trailer. Tolar also claims that the police sped onto his property at high speed with their lights flashing and then began yelling at him. However, Tolar's version of events is contradictory to other testimony, including testimony from Tolar's business associate, which indicates that the police entered the property at a normal speed without flashing their lights, and that they did not yell at Tolar. At Tolar's suppression hearing we found that the police did not require probable cause to enter the parking lot surrounded by chain link fencing because the gate to the business lot was open and there is no expectation of privacy in an exposed business parking lot. In addition, we noted that when the police saw Tolar removing the propane tanks that they suspected contained drugs, exigent circumstances existed and thus the police could to enter the lot without a warrant and investigate further. Tolar also claims that he was

unlawfully detained when the police entered his business premises. However, he presents no credible evidence to show that he was physically restrained or intimidated in any way that prevented him from leaving the premises prior to the point in time when the police were able to lawfully detain him.

C. Speedy Trial Act Violations

Tolar claims that his trial counsel should have moved for dismissal of the indictment for a violation of the Speedy Trial Act. 18 U.S.C. § 3161 *et seq.*. Tolar makes reference to 18 U.S.C. § 3161(b) which requires "[a]ny information or indictment charging an individual . . . [to] be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." However, the thirty day period can be extended if a judge grants a continuance "on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Tolar was arrested on December 7, 1999, and the indictment was returned on February 8, 2000. There was no violation of the Speedy Trial Act because on December 27, 1999, the trial judge handling the case prior to our involvement issued an order under seal granting the government's motion for a thirty-five day extension in which to return an indictment. The government requested the extension because it believed that Tolar was part of a large scale multi-jurisdictional

drug-trafficking conspiracy and the investigation into his criminal activity was ongoing. Tolar has not presented any evidence to show that the trial judge abused his discretion in granting the motion for a continuance.

Tolar also complains because his trial counsel did not object to other pre-trial delays and argues that the delays violated the Speedy Trial Act. Pursuant to the Speedy Trial Act a defendant must receive a trial within seventy days of his arraignment. 18 U.S.C. § 3161(c)(1). Tolar has not shown that his trial counsel's conduct fell beyond the spectrum of reasonable professional conduct in this regard and Tolar has not shown that he was prejudiced because of the delays. Tolar claims that he lost or misplaced bills of lading because of the delays, but he has not indicated how the indictment extension or other delays caused the documents to be lost and we are not convinced that the documents were of such significance that they would have altered the outcome of the trial. We note also that the trial was timely because time was properly excluded for several legitimate reasons.

Tolar also asserts that his trial counsel should have done more to obtain the identity of the informant. Tolar's trial counsel filed a motion for disclosure of informants which was taken under advisement by us. His trial counsel also filed a motion in limine to bar evidence or arguments that the investigation was initiated by

a tip from an informant. Therefore, Tolar has not established that his trial counsel's conduct fell beyond the spectrum of reasonable professional conduct in this regard.

D. Appellate Counsel's Failure to Raise Ineffective Assistance of Counsel at Trial

Tolar claims that he received ineffective assistance of counsel on appeal because his appellate counsel failed to argue ineffective assistance of counsel at trial. A counsel is expected to exercise independent judgement as to what claims are meritorious and is not required to bring forth every claim that his or her client desires. *Jones v. Barnes*, 463 U.S. 745, 750-752 (1983) (stating that defendant has no constitutional right to force "appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."); *United States v. Trevino*, 1994 WL 30581, *2 (N.D. Ill. 1994). In Tolar's case there clearly were no violations of the Speedy Trial Act and therefore any criticism of his trial counsels' silence on that subject would be frivolous. Also, as indicated above, the other arguments that Tolar claims should have been presented at trial are not meritorious. Thus, Tolar has not shown that his appellate counsel failed to exercise reasonable professional discretion or that the counsels' conduct otherwise fell beyond the spectrum of reasonable professional conduct.

## CONCLUSION

Based on the foregoing analysis we deny the petition for writ of habeas corpus.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 25 2003